37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Glen MATHEWS, Defendant-Appellant.
 No. 93-50359.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1994.
Decided Sept. 19, 1994.
 
 Before: HUG, WIGGINS and NOONAN, Circuit Judges
 MEMORANDUM*
 This disposition complements the court's contemporaneously issued opinion in the appeal of Richard G. Mathews (Mathews).
 Mathews's statements.
 We review de novo the district court's determination that a defendant's statements were made voluntarily, United States v. George, 987 F.2d 1428, 1430 (9th Cir.1993), and that a defendant knowingly and voluntarily waived his Miranda rights. United States v. Doe, 819 F.2d 206, 209 (9th Cir.1985).
 Mathews argues that his post-arrest statements were coerced. In this connection our inquiry is limited to whether there was "police overreaching" and does not extend to whether there was " 'free choice' " in any broader sense. Colorado v. Connelly, 479 U.S. 157, 170 (1987). Both physical and psychological pressure can lead to a conclusion that a confession was coerced. United States v. Miller, 984 F.2d 1028, 1030-31 (9th Cir.), cert. denied, 114 S.Ct. 258 (1993). Where the alleged coercion is psychological, we must consider the totality of the circumstances. Id.
 Our review of the circumstances convinces us that there was no coercion here. Much of what Mathews directs our attention toward are the normal incidents of arrest, which do not show coercive police overreaching. See Greenawalt v. Rickets, 943 F.2d 1020, 1027 (9th Cir.1991), cert. denied, 113 S.Ct. 252 (1992). The sequence of events Mathews describes establishes that Mathews deliberated with his wife about whether he should cooperate with the investigation and concluded that he should. " '[A]s long as th[e] decision is the product of the suspect's own balancing of competing considerations, the confession is voluntary." Miller, 984 F.2d at 1031, (quoting Miller v. Fenton, 796 F.2d 598, 605 (3d Cir.), cert. denied, 479 U.S. 989 (1986) (citations omitted)).
 Mathews also alleges that his statements were made without his having made a knowing and voluntary waiver of his Miranda rights. The standard for the voluntariness of a Miranda waiver is the same as the standard for the voluntariness of a confession. Connelly, 479 U.S. at 169-70. We find no violation here. Mathews waived his Miranda rights and has not called our attention to any police overreaching that led him to do so. Mathews suggests that the lack of a written waiver is "strong evidence" that a waiver is involuntary, but what we have held is that a written waiver is strong but not dispositive evidence of the voluntariness of a waiver. United States v. Bernard S., 795 F.2d 749 (9th Cir.1986).
 Next Mathews asserts that he asserted his right to remain silent during his interview with Deputy Roberson when he said to the Deputy that he wanted to cooperate but found it difficult because of his prior contact with law enforcement. We find the circumstances like those in Grooms v. Keeney, 826 F.2d 883, 884 (9th Cir.1987), where the defendant expressed indecisiveness about whether to cooperate, was given time to consider whether to cooperate and chose to cooperate. Mathews's rights were not violated.
 Cross examination.
 The district court's decision to limit cross examination is reviewed for an abuse of discretion. United States v. Brown, 936 F.2d 1042, 1048-49 (9th Cir.1991). We find no error; the cross examination was sufficient. We note that it is true that specific acts of a witness can be inquired into on cross examination to show bias, see United States v. Noti, 731 F.2d 610, 612-13 (9th Cir.1984), but here Mathews's allegations as to the need to cross examine Malley for potential bias are utterly speculative. There is no evidence whatsoever that Malley was testifying to gain favorable treatment.
 18 U.S.C. Sec. 844(i).
 We review subject matter jurisdiction de novo. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.), cert. denied, 469 U.S. 824 (1984). The question is whether 120 Ebony was used in interstate commerce or in any activity affecting interstate commerce. It is clear that it was. See United States v. Andrini, 685 F.2d 1094, 1096 (9th Cir.1982); Russell v. United States, 471 U.S. 858, 862 (1985). Contrary to Mathews's argument, the cases do not require that the commercial benefits of the property redound to the defendant.
 AFFIRMED in all respects except as to sentence and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3